UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RAPHAEL CARRERA, a/k/a RALPH
MILONE,

                                        Petitioner,

                        v.                                          9:05-CV-1510
                                                                      (TJM)(GHL)
T.R. CRAIG, Warden,

                                        Respondent.

APPEARANCES:

RAPHAEL CARRERA, a/k/a RALPH MILONE
Petitioner *pro se*

THOMAS J. MCAVOY, Senior United States District Judge

## DECISION AND ORDER

### I. BACKGROUND

        Currently before the Court is a petition for habeas corpus relief pursuant to 28 U.S.C. §

2241 submitted by Petitioner Raphael Carrera, a/k/a Ralph Milone.[1]  Dkt. No. 1.

        Petitioner, who is confined at the Federal Correctional Institution at Ray Brook, New

York, brings this action to challenge the sentence that the United States District Court for the

Eastern District of New York imposed upon him.  That court sentenced Petitioner on July 2,

1999, to a term of 360 months imprisonment.  Dkt. No. 1 at 2.  Petitioner does not indicate

whether he appealed from the conviction and sentence, or whether he filed a motion pursuant to

_____

        [1] The petition is comprised of two separate documents attached to each other.  The pages
of the first document, which is a form Section 2241 petition, are unnumbered.  The second
document is paginated, beginning at page 1 and ending at page 33.  For ease of reference, the
Court will refer to the two documents as one submission, beginning at page 1 and ending at page
37.

28 U.S.C. § 2255 in the sentencing court challenging the sentence.

As a basis for his current petition, Petitioner asserts that Petitioner's sentence is being executed (1) "in a manner inconsistent with United States Supreme Court decision(s)"[2]; (2) "in a manner inconsistent" with the Fifth, Sixth and Eighth Amendments to the United States Constitution; and (3) "in a manner inconsistent with International Law."  Dkt. No. 1 at 2-3. Petitioner claims that his sentence is not being properly executed.[3]

## II. DISCUSSION

### A.        Section 2255 and Section 2241

A prisoner in custody under sentence of a federal court who wishes to attack the validity of his conviction or sentence collaterally may file a motion in the sentencing court pursuant to 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).  That right, however, is not unlimited.  Rather, § 2255 contains a gatekeeping provision that limits a petitioner's ability to file a second or successive § 2255 motion.  In pertinent part, this statute provides that

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

---

[2] Petitioner specifically refers to decisions in Supreme Court case numbers 04-104 and 04-105, claiming that by the decisions in these cases, the Supreme Court "cancelled all Orders in a Criminal Case that caused imprisonment."  Dkt. No. 1 at 6.  It appears that Petitioner is referring to *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).  In *Booker*, the Supreme Court held that "two provisions of the Sentencing Reform Act of 1984 (SRA) that have the effect of making the Guidelines mandatory must be invalidated in order to allow the statute to operate in a manner consistent with congressional intent."  *Booker*, 543 U.S. at 227, 125 S. Ct. at 746.

[3] The Court notes that Petitioner does not claim that he is actually innocent of the crimes of which he was convicted.

(1) newly discovered evidence that, if proven and viewed in
light of the evidence as a whole, would be sufficient to establish by
clear and convincing evidence that no reasonable factfinder would
have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to
cases on collateral review by the Supreme Court, that was
previously unavailable.

28 U.S.C. § 2255.

By contrast, a petition pursuant to 28 U.S.C. § 2241 is the proper vehicle to challenge the

execution of a sentence. *See Adams*, 372 F.3d at 135; 28 U.S.C. § 2241.  For example, a

petitioner may use a § 2241 petition to challenge a federal official's computation of a sentence,

parole decisions, or prison disciplinary actions. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir.

2001) (citation omitted).  A federal prisoner, however, generally may not seek relief from his

conviction or sentence pursuant to a § 2241 petition.

**B.    Section 2255's savings clause**

There is an exception to the bar against a federal prisoner using a § 2241 petition to attack

a federal conviction collaterally.  Pursuant to the so-called "savings clause" of § 2255, a federal

prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 "is inadequate

or ineffective to test the legality of his detention."  28 U.S.C. § 2255; *see Triestman v. United

States*, 124 F.3d 361 (2d Cir. 1997).

The Second Circuit discussed this "savings clause" provision at length in *Triestman* and

cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal

prisoners in those extraordinary instances where justice demands it."  *Triestman*, 124 F.3d at 378

(citations omitted).[4]  In other words, this interpretation of § 2255's savings clause would appear to limit habeas relief to those circumstances in which § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377.  Therefore, where a petitioner claims that § 2255's remedy is not available and also asserts a claim of actual innocence which he can prove based upon the existing record and which he could not have asserted earlier, § 2255's savings clause allows for habeas review.  *See Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir.2003) (quotation omitted); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (quotation and footnote omitted).[5]

### C.    Petitioner's claims

As noted, in support of his petition, Petitioner argues that(1) the fact that the sentencing court enhanced his sentence based upon facts that were not admitted by the petitioner, nor found

---

[4] However, courts that have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most other situations.  *See, e.g., Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review)*; Jiminian*, 245 F.3d at 147-48 (citations omitted) (§ 2255's remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion)*; United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citation omitted) (§ 2255's remedy is not inadequate or ineffective simply because the petitioner "allowed [that statute's] one year statute of limitations . . . to expire.")*; Triestman*, 124 F.3d at 376 (procedural barriers to the filing of a § 2255 motion, without more, do not establish that statute's inadequacy or ineffectiveness); *Williams v. United States*, 481 F.2d 339, 344 (2d Cir. 1973) (citation omitted) (§ 2255's remedy is not inadequate or ineffective within the meaning of this savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

[5] In *Cephus*, the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few . . . .'" *Cephus*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 378).  The *Cephus* court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" *Id.* (quoting *Triestman*, 124 F.3d at 363) (footnote omitted).

by a jury beyond a reasonable doubt violated his Sixth Amendment right to a jury trial as well as the Supreme Court's decision in *Booker*[6] (Dkt. No. 1 at 2-3, 29, 35-36); (2) supervised release is not an "authorized sentence" and therefore his term of supervised release added to his term of incarceration amounts to a violation of double jeopardy (*id*. at 7-20); and (3) his sentence violates the International Covenant on Civil and Political Rights (*id*. at 31-35). These assertions clearly challenge the **imposition** of his sentence and **not its execution**. Thus, Petitioner's remedy lies with § 2255 unless he can establish his right to proceed under § 2255's savings clause, thereby permitting him to bring this petition pursuant to § 2241.

      Petitioner does not indicate whether he ever filed a § 2255 motion in the United States District Court for the Eastern District of New York. Moreover, based upon the information presented by Petitioner, it appears that he may be barred under the statute of limitations from filing a § 2255 motion in the sentencing court. In this case, however, nothing in Petitioner's application establishes that § 2255's remedy would be inadequate or ineffective in addressing the legality of his detention. While it unclear whether Petitioner raised the present claims in a § 2255 motion, he cannot not now resort to § 2241 merely to save his claims, which are now most likely time-barred. Furthermore, this Court concludes that its denial of Petitioner's request to proceed under § 2255's savings clause does not raise a "serious constitutional question." *See, e.g. United States v. Lurie*, 207 F.3d at 1077 (§ 2255's remedy is not inadequate or ineffective simply because the petitioner "allowed [that statute's] one year statute of limitations . . . to expire."); *see also supra*, n.4 and n.5.

---

      [6] Petitioner claims that his sentence was enhanced on the basis of information contained in the Probation Department's Pre-Sentence Report, which was adopted by the sentencing court by a preponderance of the evidence. Dkt. No. 1 at 35.

Here, Petitioner has not shown that his remedy under Section 2255 is inadequate or ineffective.  Moreover, Petitioner has not claimed that he is actually innocent, nor does it appear that he could support such a statement with any evidence.  Therefore, the Court finds that § 2255's savings clause does not apply to this case, and this Court lacks jurisdiction to entertain Petitioner's § 2241 petition.  Accordingly, the Court dismisses Petitioner's petition.

**WHEREFORE**, for the above-stated reasons, it is hereby

**ORDERED**, that Petitioner's petition is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Petitioner.

Dated: March 3, 2006

Thomas J. McAvoy
Senior, U.S. District Judge